UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP J. DISALVO, JR., D.D.S. | CIVIL ACTION |
| VERSUS | NO: 22-2582 |
| ASPEN AMERICAN INSURANCE CO. | SECTION: "A" (1) |

### ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 10)** filed by defendant Aspen American Insurance Co.; **Motion to Stay (Rec. Doc. 13)** filed by plaintiff Philip J. DiSalvo, Jr., D.D.S. Both motions are opposed. The motions, noticed for submission on November 23, 2022, are before the Court on the briefs without oral argument.

This civil action presents a claim by local dental surgeon and plaintiff herein, Dr. Philip J. DiSalvo, Jr. ("Plaintiff"), in connection with business income and property losses sustained as a result of the SARS-CoV-2 virus ("COVID-19"). Plaintiff alleges that commencing on or about March 18, 2020, he sustained losses that should have been covered under his all risk policy with the defendant, Aspen American Insurance Co. ("Aspen"). The losses occurred due to the necessary suspension of Plaintiff's practice, which he attributes to the presence of and continued contamination by COVID-19. (Rec. Doc. 1-4, Petition ¶ 17). Even though the policy does not contain a virus exclusion, Aspen denied the claim contending that the business interruption losses and expenses were not covered because *inter alia* Plaintiff did not experience a "direct

1

physical loss or damage" to property as required (according to Aspen) to trigger coverage, and failing that, several policy exclusions apply.

Although this lawsuit was filed in state court, Aspen removed it to federal court and shortly thereafter moved to dismiss it. Aspen's motion to dismiss points out the legion of similar cases in both state and federal court (including this Court's *Dickie Brennan* decision),[1] in which coverage was found not to have been triggered by COVID-19. Although the Louisiana Supreme Court has not yet addressed the state law issues underlying motions like Aspen's, the *Erie* guesses in the federal decisions have favored insurers. Therefore, in this case Aspen anticipates a ruling in its favor on the pleadings.

Plaintiff naturally opposes the motion to dismiss. But Plaintiff separately moves to stay this matter in light of the decision in *Cajun Conti, LLC v. Certain Underwriters of Lloyd's, London*, No. 2021-CA-343, 2022 WL 2154863 (La. App. 4th Cir. June 15, 2022), in which a divided panel of the Louisiana Fourth Circuit Court of Appeal reversed a summary judgment ruling in favor of the insurer in a coverage case like the one currently before the Court. Plaintiff points out that the insurer in that case filed a writ application with the Louisiana Supreme Court **and that application has been granted**.[2]

---

[1] *Dickie Brennan & Co., LLC v. Zurich Am. Ins. Co.*, No. 21-434, 2021 WL 6061917 (E. D. LA. Dec. 20, 2021) (Zainey, J.), *affirmed*, 2022 WL 3031308 (5th Cir. Aug. 1, 2022).

[2] The motion to stay was premised on the argument that the insurer's writ application was pending and could possibly be granted. The Court notes that shortly before the Thanksgiving holiday the Louisiana Supreme Court granted the writ application and will hear the case. *Cajun Conti, LLC v. Certain Underwrites at Lloyd's, London*, No. 2022-C-1349, 2022 WL 17101711 (La. Nov. 22, 2022).

Given that the Louisiana Supreme Court now has pending before it issues that may affect the *Erie* analysis that would otherwise control in this case, the Court is persuaded, for all of the reasons argued by Plaintiff, that this matter should be stayed pending the outcome of the proceedings in the *Cajun Conti* matter.[3]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Stay (Rec. Doc. 13)** filed by plaintiff Philip J. DiSalvo, Jr., D.D.S. is **GRANTED**. This matter is **stayed** and the Clerk of Court shall **close** the case for administrative reporting purposes. The case will be reopened upon motion of either party once the Louisiana Supreme Court issues its decision in the *Cajun Conti* matter.

November 30, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Although Plaintiff argued that the *Erie* analysis that governs this case should change in light of the Fourth's Circuit's *Cajun Conti* decision, this Court remains bound by the Fifth Circuit's disinclination to alter the prior *Erie* analysis in light of the *Cajun Conti* decision. *Dickie Brennan*, 2022 WL 3031308, at *2 n.1. Of course, if the Louisiana Supreme Court affirms the Fourth Circuit's decision then that would constitute a significant alteration in the legal landscape insofar as the *Erie* analysis goes thereby rendering the Fifth Circuit's prior *Erie* determination stale.